

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00362-CV
_____

JOSEPH WALL AND LANDY WALL, APPELLANTS

V.

CYPRESS 9 HOLDINGS, LLC AND MARK ENGLER, APPELLEES

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 103,158-E; Honorable Douglas R. Woodburn, Presiding

May 23, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is a premises liability case. Appellants, Joseph Wall and Landy Wall, appeal the trial court's order granting summary judgment in favor of Appellees, Cypress 9 Holdings, LLC and Mark Engler, on their claim for damages and personal injuries sustained as the result of a premises defect Joseph encountered while working on property owned by Cypress and occupied by Engler.

By four issues, the Walls contest the decision of the trial court, contending (1) the trial court erred in granting summary judgment, (2) there was no rule of law supporting a summary judgment, (3) Chapter 95 of the Texas Civil Practice and Remedies Code does not apply to the facts of this case,[1] and (4) fact questions exist as to whether Engler had notice of the premises defect and whether he owed a duty to warn Joseph of that defect. We affirm the judgment of the trial court.

BACKGROUND

Engler resides at a residence located in Amarillo, Potter County, Texas, which is owned by Cypress. The residence was completed in 2007. In 2010, Joseph began working as an independent contractor[2] for Engler, doing landscape work at the residence. In December 2012, Engler asked Joseph to hang Christmas decorations at the residence. Engler provided Joseph with instructions concerning the placement of those decorations, specifically discussing what would be needed to secure several large wreaths to the stucco exterior of the residence. To complete the task, Joseph hired two employees to assist him and he provided certain tools, including a ladder which he rented. To facilitate the hanging of a wreath on the outside of a window on the second story of the residence, Joseph was given access to an interior attic. At the time, Joseph was not given any warnings regarding the flooring in this area and no defects in the

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 95.001–.004 (West 2011).

[2] The Texas Supreme Court defines an independent contractor as "any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details." *Pitchfork Land & Cattle Co. v. King*, 162 Tex. 331, 346 S.W.2d 598, 602-03 (1961). Courts look at a number of factors to determine whether a person is an independent contractor, including the independent nature of the business, obligation to furnish tools and equipment, right to control the work, length of work, and method of payment. *See id.* at 603.

flooring were readily ascertainable through a visual observation of the floor. During the process of hanging a wreath, Joseph stepped down from the window, fell through the flooring, crashed through the sheetrock ceiling in the garage, and landed on the concrete floor below. As a result of his fall, Joseph broke his L-3 vertebrae and his tailbone, requiring surgery.

After the accident, Jerry E. Mercer, P.E., a licensed professional engineer, examined the flooring and determined that the installation of the subfloor in question was not in compliance with applicable building codes in the following respects:

    (1) the thickness of the subfloor was less than the minimum thickness required;

    (2) the edges of the subfloor were not tongue-and-groove or blocked as required;

    (3) the edges of the subfloor were not attached to the wood framing of the residence with 8d common nails, spaced at a maximum of six inches as required; and,

    (4) the interior portions of the subfloor were not attached to the wood framing of the residence with 8d common nails, spaced at a maximum of twelve inches, as required.

Mercer concluded that, as constructed, the reduced load-bearing capacity of the subfloor was at least a contributing, if not the sole cause of the accident.

As a collateral issue to this lawsuit, prior to the incident in question in this case, Engler was involved in another lawsuit against Gary Rogers Custom Homes, Inc. regarding the workmanship and quality of construction of the residence. In addition to a dispute concerning the construction of a retaining wall, there was also a dispute concerning a water leak that occurred during construction of the residence that caused damage to the flooring system on the second floor. Although inspectors had concerns regarding the upstairs subflooring, no flooring was ever replaced.

The Walls filed suit alleging Cypress and Engler were negligent because they breached a duty to provide Joseph a safe workplace and they failed to warn him of an unreasonable, dangerous latent condition. After an adequate period of time, Cypress and Engler filed a hybrid motion for summary judgment. By their motion, they alleged that section 95.003 of the Texas Civil Practice & Remedies Code precluded liability because there was no evidence Engler (1) exercised or retained any control over the work performed by Joseph and (2) had actual knowledge of the dangerous condition in question. In response, the Walls contended section 95.003 did not apply in cases where hidden defects exist and the work being performed by the claimant did not involve repairing or remediating the dangerous condition itself. Because this case turns on the applicability of section 95.003 to the facts of this case, we will first discuss that statutory provision.

SECTION 95.003—TEXAS CIVIL PRACTICE & REMEDIES CODE

Section 95.003 of the Texas Civil Practice and Remedies Code provides that a property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless: (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress and receive reports, and (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property

4

damage and failed to adequately warn. TEX. CIV. PRAC. & REM. CODE ANN. § 95.003 (West 2011).

Shortly after this case was orally argued, the Texas Supreme Court construed this provision as applying to an independent contractor's premises liability claim arising from the "condition or use" of property on which an independent contractor was working regardless of whether the claimant was working on remediation of the dangerous condition causing the injuries. *Abutahoun v. Dow Chemical Co.*, 463 S.W.3d 42, 43 (Tex. 2015). The Supreme Court stated the claimant had "the burden to show that both conditions of section 95.003 [have] been met before liability could be imposed upon" the property owner. *Id.* at 52. As applied to the facts of this case, that means that in order to defeat a no-evidence motion for summary judgment, the Walls were required to establish that Cypress or Engler (1) exercised or retained some control over the manner in which Joseph performed his work, other than the right to order the work to start or stop or to inspect progress and receive reports and (2) they had actual knowledge of the dangerous condition existing on the premises but failed to adequately warn him.

STANDARD OF REVIEW

Where, as here, the trial court does not state the basis for granting summary judgment, the appealing party must negate all grounds that support that judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). In such situations, if the non-movant does not negate all grounds that support the summary judgment, the reviewing court must affirm the judgment of the trial court if any one of the movant's theories has merit. *Id.* In other words, if Cypress and Engler established entitlement to summary judgment on any basis, we must affirm the decision of the trial court unless

5

the Walls negate that ground. In that regard, we will focus our attention on the no-evidence portion of the motion for summary judgment filed by Cypress and Engler.

We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard of review. *Id.* In a no-evidence motion for summary judgment, the moving party must assert that there is no evidence of one or more essential elements of the claim on which the non-movant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166(a)(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). Once the motion is filed, the burden shifts to the nonmovant to present evidence raising an issue of material fact as to the challenged elements of its cause of action. *See Mack Trucks*, *Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). If the non-movant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements, the trial court must deny the motion. *See Hamilton*, 249 S.W.3d at 426. The non-moving party is not, however, required to marshal its entire proof, as its response need only raise a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i), Notes and Comments (1997); *Hamilton*, 249 S.W.3d at 426.

6

Here, Cypress and Engler properly raised the issue concerning the applicability of section 95.003. The undisputed evidence shows that Joseph was an independent contractor and that he was hired to make modifications or improvements to the residence owned by Cypress and occupied by Engler. The record further establishes that the Walls' claims clearly arise out of a claim concerning the "condition or use" of property on which Joseph was working at the time of his injuries. Therefore, in order to avoid the application of section 95.003, the Walls had the burden of raising a material issue of fact concerning whether Cypress and Engler (1) exercised or retained some control over the manner of the performance of the work and (2) had actual knowledge of the danger or condition resulting in the injuries against which they failed to adequately warn. *See Abutahoun*, 463 S.W.3d at 52. *See also Kelly v. LIN TV of Texas, L.P.*, 27 S.W.3d 564, 567 (Tex. App.—Eastland 2000, pet. denied).

Imposition of liability is warranted under section 95.003 only if evidence establishes that the degree of control is more than the mere "right to order the work to start or stop or to inspect progress or receive reports." TEX. CIV. PRAC. & REM. CODE ANN. § 95.003(1). A premises owner can be liable under this section if it either contractually retains or actually exercises control over the independent contractor's work, and even then, it must still be shown that the property owner had actual knowledge of the dangerous condition. In this regard, the evidence must tend to show that the control exercised by the property owner extended to the operative details of the performance of the work being performed.

Here, the undisputed summary judgment evidence established that Cypress and Engler did not exercise the requisite control. In fact, the evidence established that Engler was not present when Joseph was injured. While the Walls contend Engler did specify the locations where he wanted Joseph to hang the wreaths and he approved Joseph's plan for hanging the wreaths on the stucco exterior of the residence, this is nothing more than designating or specifying the work to be done and requiring that the work be performed in a good and workmanlike manner. Engler did not specify the manner, means, or details by which Joseph was to complete the task and he did not supervise or control the project. Because the Walls failed to raise a material question concerning the issue of control, they failed to establish their claim was not barred by the provisions of section 95.003(1).

Similarly, even if this court were to find Cypress or Engler exercised the requisite amount of control to preclude the application of section 95.003(1) to the facts of this case, the Walls have also failed to raise a fact issue concerning actual knowledge of the dangerous condition resulting in the injuries claimed by the Walls. While the Walls have raised the issue of constructive knowledge through the introduction of summary judgment evidence concerning the prior litigation between Engler and the builder of the residence, they failed to present any evidence of actual knowledge. As such, they failed to establish their claim was not barred by the provisions of section 95.003(2).

Because Cypress and Engler established a right to summary judgment based upon the provisions of section 95.003, we overrule issues one, two, and three, and we pretermit issue four as it pertains to a duty to warn concerning premises defects.

CONCLUSION

The judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice

9